UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHIREIN MIGIDE KEVERENGE,

Petitioner,

v. Case No.: 3:26-cv-2049-MMH-PDB

SHERIFF SCOTTY RHODEN and
U.S. ATTORNEY GENERAL,

Respondents.
_________________________________/

**ORDER**

Petitioner Shirein Migide Keverenge initiated this action by filing a pro se Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1; Petition) on August 7, 2026. See generally Petition. According to Keverenge, an immigration judge previously ordered her removed. Id. at 4. Keverenge asserts that United States Immigration and Customs Enforcement (ICE) detained her on May 9, 2026. Id. She contends that her continued detention is unlawful because ICE is not likely to remove her in the foreseeable future. Id. at 5, 7–8. And she requests the Court order her immediate release or, in the alternative, an individualized bond hearing. Id. at 9.

In Zadvydas v. Davis, 533 U.S. 678, 690 (2001), the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien

within a reasonable time. Id. at 701. Further, the Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. (citing Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052.

In this case, the Court finds that the presumptively reasonable six-month period had not expired when Keverenge filed the Petition. See Petition at 4. Courts have used various methods to calculate the six-month period. Some courts have considered in the aggregate all periods of detention following an order of removal, regardless of whether the periods of detention were consecutive. See Jaranow v. Bondi, 819 F. Supp. 3d 1229, 1236 (W.D. Wash. 2026) (collecting cases from the Ninth Circuit that "have found that the six-

month period of detention need not be consecutive to reach the limit established in Zadvydas"); Patel v. Bondi, No. CV 25-16218 (KMW), 2025 WL 3294353, at *2 (D.N.J. Nov. 26, 2025) (finding that the court must "consider the entire period of [the p]etitioner's detention"—not just the current length of detention). Other courts have not—instead they have determined that each period of detention restarts the removal-period clock. See Barrios v. Ripa, No. 1:25-cv-22644, 2025 WL 2280485, at *8 (S.D. Fla. Aug. 8, 2025) (rejecting a petitioner's argument "that his detention should be counted in the aggregate based upon his prior detentions," because doing so would raise constitutional concerns to "any subsequent period of detention, even one day," "[a]nd adjudicating the constitutionality of every re-detention would obstruct an area that is in the discretion of the Attorney General—effectuating removals"); Liu v. Carter, No. 25-3036-JWL, 2025 WL 1207089, at *2 (D. Kan. Apr. 25, 2025) ("[T]he removal-period clock restarts when an alien subject to a removal order is again detained by ICE."). Still other courts appear to have determined that the presumptively reasonable six-month period includes the 90-day statutory removal period and the 90-days immediately thereafter and expires once that time has run. See Beltran v. Ripa, No. 2:25-cv-01174-SPC-NPM, 2026 WL 21252, at *2 (M.D. Fla. Jan. 5, 2026).

The Court is not persuaded that the presumptively reasonable period of detention restarts with each new detention in every circumstance. Instead, the

Court determines that once an individual has been detained for more than six consecutive months after her final order of removal is entered, she has met the first prong of the Zadvydas test. Here, because Keverenge had not been detained for six consecutive months before she filed this case, her claim under Zadvydas was not yet ripe.[1] See Petition at 4. Thus, her claim is due to be dismissed. When Keverenge's Zadvydas claim becomes ripe, she may file a new petition to seek discharge from custody while she awaits removal. Should she wish to file a new petition, Keverenge must pay a filing fee of $5.00 or file a complete motion to proceed in forma pauperis. Additionally, Keverenge must use the form approved for use in the Middle District of Florida. See Local Rule 6.04(a) ("A pro se person in custody must use the standard form[.]").

Accordingly, it is **ORDERED**:

1. Keverenge's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

[1] Petitioner argues that she properly filed the Petition before the six-month mark because "[c]ourts in this circuit and nationwide have recognized that habeas petitions challenging post removal-order detention may be filed before the six-month mark expires where, as here, the circumstances already demonstrate that removal within six months is not significantly likely." Id. at 7. The Court disregards this contention because Petitioner fails to cite any legal authority in support of it. See id.

3. The **Clerk** shall send Keverenge a habeas corpus petition under 28 U.S.C. § 2241 and an application to proceed in forma pauperis (prisoner filings).

**DONE AND ORDERED** in Jacksonville, Florida, on this 12th day of August, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

lc36
c:
Shirein Migide Keverenge